IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| EARNEST BARNARD CLAYTON and on behalf of others John or/and Jane Doe, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 326-005 |
| GOVERNOR OF GEORGIA BRIAN KEMP; ATTORNEY GENERAL CHRISTOPHER CARR; GEORGIA DEPARTMENT OF CORRECTIONS; COMMISSIONER TYRONE OLIVER; CHIEF COUNSEL RASHAND MITCHELL; WARDEN TOBY; UNIT MANAGER GRIER; CORRECTIONAL OFFICER BROOK; G.D.; FLOYD; UNIT MANAGER JIMMY KELLOM; CERT TEAM MEMBER EARL ANTHONY; WRIGHT; JEFFRIES; LT. CHALMERS; CAPTAIN BRANCH; ATTORNEY SHELLEY MILTON; ATTORNEY ROGER CHILMAN; ATTORNEY JULIAN KNOWLES; ATTORNEY MATTHEW BURKES; NEWTON; BLACK; ANDREA DAVIS; PRETRILLION WHIPPLE; MARK WHOLE; SERGEANT TACKER; CORRECTIONAL OFFICER CLAYTON; REGIONAL DIRECTOR SIKES; TAYLOR; and HULCHER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants.[1] | ) ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Clayton, currently incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C.

---

[1] The Court **DIRECTS** the **CLERK** to update the docket to add Defendants Regional Director Sikes, Taylor, and Hulcher, in accordance with the above caption, which is consistent with Plaintiff's complaint. (Doc. no. 1, p. 2.)

§ 1983.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

## I.      BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits.").  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

## II.     DISCUSSION

### A.      **Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)**

Plaintiff concedes he has previously had at least three cases dismissed as frivolous, malicious, or for failure to state a claim.  (Doc. no. 1, p. 2.)  A review of Plaintiff's history of

filings confirms he has brought at least three actions or appeals that were dismissed and count as strikes:  (1) Clayton v. Williams, No. 6:17-cv-070 (S.D. Ga. Dec. 6, 2017) (dismissed for failure to state a claim and failure to follow court order); (2) Clayton v. Williams, No. 6:16-cv-151 (S.D. Ga. Nov. 14, 2017) (dismissed for failure to state a claim and failure to follow court order); and (3) Clayton v. Williams, No. 6:16-cv-174 (S.D. Ga. Mar. 20, 2017) (dismissed for failure to state a claim and failure to follow court order).  See also, e.g., Clayton v. Allen, CV 618-005 (S.D. Ga. May 9, 2018) (dismissing for three strikes under § 1915(g)).  Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

## B. Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  The Court must consider "not whether each specific physical condition or symptom complained of might constitute serious injury, but, rather, whether the complaint, as a whole, raises sufficient allegations."  Wright v. Sprayberry, 817 F. App'x 725, 728 (11th Cir. 2020) (per curiam) (citing Mitchell, 873 F.3d at 874).  General or conclusory allegations are insufficient to satisfy the imminent danger exception.  See Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (citing as persuasive Eighth Circuit case law that general assertion of two episodes of working in inclement weather as basis for claim defendants were attempting to kill an inmate "is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury").  Moreover, complaints of past injuries or

vague claims of possible danger are insufficient to satisfy the exception. Jones v. Oliver, No. 7:24-cv-00097, 2024 WL 4933336, at *1 (M.D. Ga. Dec. 2, 2024). "The alleged imminent injury must be sufficiently serious, that is, severe or life-threatening," and the imminent danger exception is to be applied only in genuine emergencies. Id. (internal citations and quotation marks omitted).

In his complaint, Plaintiff alleges he has been subjected to a series of attacks dating back to February 2024, which are the result of a largescale conspiracy of retaliation against him by the over twenty named Defendants, who include prison employees, attorneys, and state officials like the Governor of Georgia and Georgia Attorney General, all because Plaintiff has repeatedly filed grievances and lawsuits. (See doc. no. 1, pp. 6-13.) He claims he has been improperly placed in administrative segregation since February 2024 because of this scheme. (Id. at 8.) He also explains he has been labeled a snitch, which increases the likelihood that he will face serious harm. (Id. at 12.) Ultimately, based on the past attacks and his continued confinement in administrative segregation, Plaintiff claims Defendants are trying to kill him, and he is "very likely to be killed." (Id.)

Plaintiff fails to establish the imminent danger exception applies because he does not show he faces any specific, ongoing threat of serious physical injury. First, Plaintiff's claims about the various attacks he has experienced are insufficient to establish imminent danger because these events occurred in the past. See Butler v. Kaplan, No. CV 422-211, 2022 WL 5287789, at *2 (S.D. Ga. Sept. 6, 2022) ("Past assaults are not sufficient to establish an ongoing imminent danger.'" (citation omitted)). Although he alleges suffering physical injuries from these attacks, he does not contend he was experiencing any imminent, serious physical injury at the time he filed his complaint. (See doc. no. 1.)

4

Furthermore, he cannot rely on his general assertion that he has been labeled a "snitch" to establish imminent danger because he does not connect this fact to a specific, forthcoming threat.  See Porter v. Inch, No. 4:20CV230, 2020 WL 4018612, at *5 (N.D. Fla. June 19, 2020) ("Merely being labeled a 'snitch,' without a showing of specific, credible, real and proximate danger at the time of filing, is insufficient to invoke the imminent danger exception under § 1915(g)."), *adopted by* 2020 WL 4018283 (N.D. Fla. July 16, 2020).  Additionally, while Plaintiff alleges a two-year campaign of attacks and retaliation, he then summarily claims that based on these events, he is very likely to be killed.  (See doc. no. 1.)  Accordingly, he does not sufficiently connect the past harms to a concrete, imminent threat of danger and thus does not adequately allege "a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  See Brown, 387 F.3d at 1350.

In sum, none of Plaintiff's allegations show he is in imminent danger of serious physical injury so as to be exempted from the three strikes rule.  See Odum v. Bryan Cnty, Jud. Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent).  For these reasons, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

## III.    CONCLUSION

In summary, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this case be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the

claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 6th day of February, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA