IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| EARNEST BARNARD CLAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 326-005 |
| | ) | |
| GOVERNOR OF GEORGIA BRIAN KEMP; | ) | |
| ATTORNEY GENERAL CHRISTOPHER | ) | |
| CARR; GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS; COMMISSIONER | ) | |
| TYRONE OLIVER; CHIEF COUNSEL | ) | |
| RASHAND MITCHELL; WARDEN TOBY; | ) | |
| UNIT MANAGER GRIER; | ) | |
| CORRECTIONAL OFFICER BROOKS; | ) | |
| G.D., affiliated inmate; FLOYD, Kitchen | ) | |
| Guard; UNIT MANAGER JIMMY | ) | |
| KILLEAN; CERT TEAM MEMBER EARL | ) | |
| ANTHONY WRIGHT; WRIGHT, Deputy | ) | |
| Warden; JEFFRIES, Care and Treatment; LT. | ) | |
| CHALMERS; LT. BRANCH; | ) | |
| ATTORNEY SHELLEY T. MILTON; | ) | |
| ATTORNEY ROGER ALLEN CHALMERS; | ) | |
| ATTORNEY JASON KNOWLES; | ) | |
| ATTORNEY MATTHEW BURKES; | ) | |
| NEWTON, Chief Counselor; BLACK, | ) | |
| Disciplinary Investigator; ANDREA DAVIS; | ) | |
| PRETRILLION WHIPPLE; MARK | ) | |
| WHOLE; SERGEANT TUCKER; | ) | |
| CORRECTIONAL OFFICER CLAYTON; | ) | |
| REGIONAL DIRECTOR SIKES; TAYLOR; | ) | |
| HULCHER; WARDEN SALES; | ) | |
| ATTORNEY MATTHEW BRIDGES; CHIEF | ) | |
| COUNSELOR BHARB; WARDEN | ) | |
| ANDREW MCFARLANE; JERMAINE | ) | |
| WHITE; DOCTOR JOHN JOES; | ) | |
| COUNSELOR KATHY HILL; DEPUTY | ) | |
| WARDEN OF SECURITY CEDRICK | ) | |
| JACKSON; and DEPUTY WARDEN OF | ) | |
| SECURITY VERONICA STEWART, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Plaintiff filed the above-captioned case pursuant to 42 U.S.C. § 1983 and sought to proceed

*in forma pauperis* ("IFP"). (Doc. nos. 1-2.) On February 6, 2026, the Court recommended denying Plaintiff's motion to proceed IFP and dismissing this action without prejudice because Plaintiff had accumulated at least three strikes pursuant to 28 U.S.C. §1915(g), and his original complaint failed to satisfy the imminent danger exception. (See doc. no. 4.) Plaintiff thereafter sought leave to amend his complaint to allege further facts establishing he satisfied the imminent danger exception, (doc. no. 7), which the Court granted, (doc. no. 8). After receiving Plaintiff's amended complaint, (doc. no. 10-1; see also doc. no. 12), on March 17, 2026, the Court vacated its February 6th Report and Recommendation ("R&R") because Plaintiff's amended complaint "arguably allege[d] facts demonstrating he qualifies for the imminent danger exception." (Doc. no. 11, pp. 1-2.) The Court then granted Plaintiff's motion to proceed IFP but explained "Nothing in this Order prevents the Court from revisiting, if necessary, Plaintiff's [IFP] status." (Id. at 2-5.) However, because Plaintiff's amended complaint was a shotgun pleading and contained other pleading deficiencies, the Court ordered Plaintiff to submit another amended complaint to cure these issues. (Id. at 6-10.)

Following various delays and crossovers in the mail, Plaintiff ultimately submitted a third amended complaint[1] in compliance with the Court's instructions in its March 17th Order. (Doc. no. 21.) As the Court explained in its March 17th Order, "Nothing in this Order prevents the Court from revisiting, if necessary, Plaintiff's [IFP] status." (Doc. no. 11, p. 3.) Upon the Court's review of the allegations contained in Plaintiff's third amended complaint, they do not satisfy the imminent danger exception.[2] Therefore, the Court **VACATES** section I only of its March 17th Order and addresses Plaintiff's IFP motion in a separate, simultaneously filed R&R. (Doc. no. 11, pp. 3-5.) Because Plaintiff's IFP status is revoked, the Court further **VACATES** section II only

---

[1] Due to the crossovers in the mail, there are more than three amended complaints on the docket. (See doc. nos. 12, 13, 20, 21.) However, for ease of reference, the Court refers to the operative amended complaint as the third amended complaint, which is consistent with the language used in the Court's April 14, 2026 Order. (See doc. nos. 18, 21.)

[2] The Court discusses this conclusion further in a simultaneously entered R&R.

of its April 14, 2026 Order directing monthly payments be made from Plaintiff's prison account. (Doc. no. 19, pp. 2-3.)

SO ORDERED this 9th day of June, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA