IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| EARNEST BARNARD CLAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 326-005 |
| | ) | |
| GOVERNOR OF GEORGIA BRIAN KEMP; | ) | |
| ATTORNEY GENERAL CHRISTOPHER | ) | |
| CARR; GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS; COMMISSIONER | ) | |
| TYRONE OLIVER; CHIEF COUNSEL | ) | |
| RASHAND MITCHELL; WARDEN TOBY; | ) | |
| UNIT MANAGER GRIER; | ) | |
| CORRECTIONAL OFFICER BROOKS; | ) | |
| G.D., affiliated inmate; FLOYD, Kitchen | ) | |
| Guard; UNIT MANAGER JIMMY | ) | |
| KILLEAN; CERT TEAM MEMBER EARL | ) | |
| ANTHONY WRIGHT; WRIGHT, Deputy | ) | |
| Warden; JEFFRIES, Care and Treatment; LT. | ) | |
| CHALMERS; LT. BRANCH; | ) | |
| ATTORNEY SHELLEY T. MILTON; | ) | |
| ATTORNEY ROGER ALLEN CHALMERS; | ) | |
| ATTORNEY JASON KNOWLES; | ) | |
| ATTORNEY MATTHEW BURKES; | ) | |
| NEWTON, Chief Counselor; BLACK, | ) | |
| Disciplinary Investigator; ANDREA DAVIS; | ) | |
| PRETRILLION WHIPPLE; MARK | ) | |
| WHOLE; SERGEANT TUCKER; | ) | |
| CORRECTIONAL OFFICER CLAYTON; | ) | |
| REGIONAL DIRECTOR SIKES; TAYLOR; | ) | |
| HULCHER; WARDEN SALES; | ) | |
| ATTORNEY MATTHEW BRIDGES; CHIEF | ) | |
| COUNSELOR BHARB; WARDEN | ) | |
| ANDREW MCFARLANE; JERMAINE | ) | |
| WHITE; DOCTOR JOHN JOES; | ) | |
| COUNSELOR KATHY HILL; DEPUTY | ) | |
| WARDEN OF SECURITY CEDRICK | ) | |
| JACKSON; and DEPUTY WARDEN OF | ) | |
| SECURITY VERONICA STEWART, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, seeks

to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983.[1]  For the

reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed

IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

## I.    BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with

the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134,

§§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
> or proceeding under this section if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an action or appeal in a court
> of the United States that was dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent

filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and

appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted),

*abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-

Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to

cabin not only abusive but also simply meritless prisoner suits.").  The Eleventh Circuit has upheld

the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts,

the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right

to equal protection.  Id. at 721-27.

---

[1] The Court **DIRECTS** the **CLERK** to update Defendant Branch's title and Defendant Milton's middle initial on the docket, which is consistent with the operative amended complaint. (Doc. no. 21, pp. 1, 3.)  The Court also **DIRECTS** the **CLERK** to update Defendant Earl Anthony's name to Earl Anthony Wright. (Id. at 3.)  The Court further **DIRECTS** the **CLERK** to update Defendants Roger Chalmers, Sgt. Tacher, and Julian Knowles' names on the docket to match the above caption. (Id. at 1, 3.)  Finally, the Court **DIRECTS** the **CLERK** to add Defendants Counselor Kathy Hill, Deputy Warden of Security Cedrick Jackson, and Deputy Warden of Security Veronica Stewart to the docket, which is consistent with the list of Defendants named in Plaintiff's operative complaint. (Id. at 3.)

## II.   DISCUSSION

### A.   Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

Plaintiff concedes he has previously had at least three cases dismissed as frivolous, malicious, or for failure to state a claim.  (Doc. no. 21, p. 4.)  A review of Plaintiff's history of filings confirms he has brought at least three actions or appeals that were dismissed and count as strikes:  (1) Clayton v. Williams, No. 6:17-cv-070 (S.D. Ga. Dec. 6, 2017) (dismissed for failure to state a claim and failure to follow court order); (2) Clayton v. Williams, No. 6:16-cv-151 (S.D. Ga. Nov. 14, 2017) (dismissed for failure to state a claim and failure to follow court order); and (3) Clayton v. Williams, No. 6:16-cv-174 (S.D. Ga. Mar. 20, 2017) (dismissed for failure to state a claim and failure to follow court order).  See also, e.g., Clayton v. Allen, CV 618-005 (S.D. Ga. May 9, 2018) (dismissing for three strikes under § 1915(g)).  Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B.   Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  The Court must consider "not whether each specific physical condition or symptom complained of might constitute serious injury, but, rather, whether the complaint, as a whole, raises sufficient allegations." Wright v. Sprayberry, 817 F. App'x 725, 728 (11th Cir. 2020) (per curiam) (citing Mitchell, 873 F.3d at 874).  General or conclusory allegations are insufficient to satisfy the imminent danger exception.  See Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (citing as persuasive Eighth Circuit case law that general assertion of two episodes of working in inclement weather as basis for claim defendants were attempting to kill an inmate "is

3

insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"). Moreover, complaints of past injuries or vague claims of possible danger are insufficient to satisfy the exception. Jones v. Oliver, No. 7:24-cv-00097, 2024 WL 4933336, at *1 (M.D. Ga. Dec. 2, 2024). "The alleged imminent injury must be sufficiently serious, that is, severe or life-threatening," and the imminent danger exception is to be applied only in genuine emergencies. Id. (internal citations and quotation marks omitted).

In his third amended complaint, Plaintiff alleges thirteen Defendants engaged in a conspiracy against him because Plaintiff had previously filed multiple grievances and lawsuits. (Doc. no. 21, pp. 4-10.) As part of this conspiracy, Plaintiff contends: (1) Defendant Wright and another individual used excessive force against him on April 16, 2024; (2) Defendants manufactured false disciplinary reports against Plaintiff and unjustifiably placed him in administrative segregation; (3) Defendant Wright used excessive force against Plaintiff on April 22, 2024, and June 11, 2024; (4) Defendants directed another inmate to attack Plaintiff on August 8, 2024; and (5) Defendants thereafter created more false disciplinary reports after Plaintiff filed grievances. (Id. at 4-7.) Plaintiff also brings a claim related to the conditions of his confinement in administrative segregation and describes unsanitary dust particles in his cell, which he alleges "posed an excessive and substantial risk of ongoing harm to his health and safety." (Id. at 7, 10.) Finally, Plaintiff alleges due process claims regarding the false disciplinary charges. (Id. at 10.)

In viewing Plaintiff's third amended complaint as a whole, Plaintiff fails to establish the imminent danger exception applies because he does not show he faces any specific, ongoing threat of serious physical injury. First, Plaintiff's claims about the various excessive force incidents and inmate attacks he experienced between April 2024 and August 2024 are insufficient to establish imminent danger because these events occurred around two years ago. See Butler v. Kaplan, No. CV 422-211, 2022 WL 5287789, at *2 (S.D. Ga. Sept. 6, 2022) ("Past assaults are not sufficient to establish an ongoing imminent danger.'" (citation omitted)). Although he alleges suffering

4

physical injuries from these attacks, he does not contend he was experiencing any imminent, serious physical injury at the time he filed his third amended complaint in 2026. (See doc. no. 21.) Moreover, Plaintiff does not allege concrete facts establishing there is a legitimate, non-speculative future risk of harm to him based on these events and the alleged conspiracy against him. (See id.) Accordingly, he does not sufficiently connect the past harms to a concrete, imminent threat of danger and thus does not adequately allege "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." See Brown, 387 F.3d at 1350.

Furthermore, even though Plaintiff claims the unsanitary dust particles in his cell were present at the time he filed his third amended complaint, he does not allege he faces any serious, imminent danger from these conditions. (Doc. no. 21, p. 7.) The only symptoms he describes experiencing from his exposure to the dust particles is that he has "trouble breathing normal and chest pain(s)," neither of which rises to the level of imminent danger necessary to satisfy the exception.[2] (Id.) Finally, Plaintiff's due process claims relating to the false disciplinary reports do not move the needle in his favor because they do not relate to his physical safety. (Id. at 10.)

In sum, none of Plaintiff's allegations show he is in imminent danger of serious physical injury so as to be exempted from the three strikes rule. See Odum v. Bryan Cnty, Jud. Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent). For these reasons, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

Finally, because the Court already provided Plaintiff with ample opportunities to amend his complaint, he should not be permitted to amend his complaint again to allege additional facts

---

[2] Serious, ongoing injuries that have been recognized as sufficient to meet the imminent danger exception include "a total lack of hepatitis treatment and the resulting onset of cirrhosis," Mitchell v. Nobles, 873 F.3d 869, 874 (11th Cir. 2017), and "HIV and hepatitis, and the alleged danger of more serious afflictions [like being more susceptible to illnesses like pneumonia, esophageal candidiasis, and more]," Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

establishing he satisfies the imminent danger exception.  Although leave to amend under Fed. R. Civ. P. 15(a) is generally given freely, Foman v. Davis, 371 U.S. 178, 182 (1962), leave is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it."  Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008).  "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment."  Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (per curiam) (quoting Foman, 371 U.S. at 182).

Here, Plaintiff submitted three amended complaints with allegations materially differing from one another and from the original complaint.  (See doc. nos. 1, 13, 20, 21.)  For example, Plaintiff's second amended complaint solely describes Defendant Wright's alleged uses of excessive force against him.  (Doc. no. 20.)  In contrast, Plaintiff's third amended complaint describes a purported conspiracy, issues with the conditions in Plaintiff's cell, and due process claims.  (See doc. no. 21.)  Ultimately, Plaintiff has continuously submitted pleadings altering the factual basis, legal claims, and named Defendants in this action.  He has already been given the chance to allege sufficient facts establishing he satisfies the imminent danger standard, (see doc. nos. 8, 11), but the operative third amended complaint does not contain facts meeting this exception.  Any additional attempt to amend exudes bad faith and dilatory motive, and the Court has an innate need to manage the litigation before it.  Accordingly, should Plaintiff move to amend his third amended complaint after entry of this Report and Recommendation, this motion should be denied for these reasons.

## III.    CONCLUSION

In summary, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this case be

**DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 9th day of June, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA